United States District Court
Southern District of Texas
**ENTERED**
December 10, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK ROYAL, | § | |
| *Plaintiff,* | § § § | |
| VS. | § | CIVIL ACTION NO. 4:24-cv-5026 |
| CITY OF JERSEY VILLAGE, *et al.,* | § § § | |
| *Defendants.* | § § § § | |

## ORDER

Before this Court is City of Jersey Village and Jersey Village Police Department's Motion to Dismiss for Insufficient Service of Process under Federal Rule of Procedure 12(b)(5) and 4(m). (Doc. No. 8). Plaintiff Patrick Royal has not responded, and the deadline to respond has well passed. Accordingly, the motion is unopposed. After reviewing the motion, the pleadings, and the applicable law, Defendants' Motion to Dismiss is **GRANTED**.

### I. BACKGROUND

Plaintiff Patrick Royal ("Plaintiff"), proceeding *pro se*, filed this case on December 20, 2024, and filed his Amended Complaint on December 25, 2024. (Doc. Nos. 1, 5). Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiff had until March 20, 2025 (within 90 days after the Complaint was filed) to serve the Defendants, City of Jersey Village and Jersey Village Police Department (collectively "Defendants"). There is no return of service or any filing in the docket that indicates Defendants were served by the March 20th deadline according to Rule 4(m).

On April 10, 2025, Defendants filed their Motion to Dismiss the Amended Complaint for Insufficient Service of Process. (Doc. No. 8). Plaintiff never responded to that motion. Summons was issued by the Clerk's Office of the Southern District of Texas as to Jersey Village Police

Department on April 14, 2025, but no return of service is noted in the docket. Defendants have preserved their Rule 12(b)(5) defense as it was included in their first official response to the complaint. It is now well past Plaintiff's deadline under Rule 4(m) to serve the Defendants, and Defendants have yet to be served.

This Court previously issued a show cause Order, allowing Plaintiff to demonstrate good cause by December 5, 2025, for why Defendants should not be dismissed for Plaintiff's failure to serve them in accordance with Rule 4(m). (Doc. No. 13). That deadline to show cause has since passed. (*Id.*). Plaintiff has failed to respond to the Court's Order, and therefore, failed to show any good cause for why Defendants should not be dismissed.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(5) permits a named defendant to challenge proper service of the summons and complaint in a case. The party making service has the burden of demonstrating its validity when an objection to service is made. *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992). A district court has broad discretion to dismiss an action pursuant to Rule 12(b)(5) for insufficient service of process. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994).

If a plaintiff fails to serve the defendant properly within 90 days of filing the complaint, the action may be dismissed without prejudice unless the plaintiff shows good cause for failure to complete service. Fed. R. Civ. P. 4(m). If a plaintiff can establish good cause for failing to serve a defendant, the court must allow additional time for service. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). To establish good cause, a plaintiff has the burden of demonstrating "*at least* as much as would be required to show excusable neglect" and "simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Winters v. Teledyne Movible Offshore,*

2

*Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985) (emphasis in original). In addition, "some showing of good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified is normally required." *Id.* (citation and internal quotation marks omitted). The plaintiff bears the burden to show good cause for the failure to effect timely service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013).

### III.   ANALYSIS

Pursuant to Rule 4(m), Plaintiff had until March 20, 2025 (within 90 days after the Complaint was filed) to serve Defendants. Fed. R. Civ. P. 4(m). Beyond filing his Amended Complaint, plaintiff has not filed any other pleadings or documents before the Court. His deadline for service under the Rules has long since passed, and he failed to show good cause for his delay when ordered to by this Court. Due to these failures, dismissal is appropriate. *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (stating that "[u]nder Rule 4(m), a district court is permitted to dismiss a case without prejudice if a defendant has not been served" in a timely manner). Therefore, Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED**.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 8) is **GRANTED** and Plaintiff's claims are hereby **DISMISSED** without prejudice.

Defendants' Motion to Stay Proceedings Pending Ruling on Defendants' Motion to Dismiss (Doc. No. 12) is **DISMISSED** as moot.

It is so ordered.

Signed on this the ___9th___ day of December 2025.

Andrew S. Hanen
United States District Judge

3